# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| FRIENDSHIP BAPTIST CHURCH | ) | No. 11-48031 |
| OF EVANSTON, | ) | |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | Judge Eugene R. Wedoff |

## NOTICE OF MOTION

TO:   See attached service list

     PLEASE TAKE NOTICE that on November 20, 2012 at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Eugene R. Wedoff, U.S. Bankruptcy Judge, in Room 744, 219 S. Dearborn Street, Chicago, Illinois and shall then and there present the attached **First and Final Fee Application of Counsel for the Debtor in Possession for Allowance of Compensation and Allowance of Expenses** for immediate hearing thereon, a copy of which is attached and hereby served upon you.

                                       **THOMAS W. DREXLER**
                                       Attorney for Debtor
                                       77 W. Washington Street
                                       Suite 1910
                                       Chicago, IL  60602
                                       (312) 726-7335

## CERTIFICATE OF SERVICE

     The undersigned attorney certifies that he served a copy of this Notice and the attached Motion to each party listed in the attached service list on November 5, 2012 by ECF or US Mail as indicated on said service list.

                                        /x/   Thomas W. Drexler

# SERVICE LIST

Attn. Gretchen Silver **(ECF)**
Office of the U.S. Trustee, Region 11
219 S Dearborn Street, Room 873
Chicago, IL 60604

Friendship Baptist Church **(MAIL)**
2201-03 Foster Street
Evanston, IL 60201
(Debtor)

Internal Revenue Service **(MAIL)**
PO Box 7346
Philadelphia, PA 19101

Sherwin Real Estate Inc. **(MAIL)**
1569 Sherman Avenue
Suite 203
Evanston, IL 60201

Attn. Lauren Newman **(ECF)**
Thompson Coburn LLP
55 E. Monroe Street
37th Floor
Chicago, IL 60603
(Attorneys for Reliance Trust)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| FRIENDSHIP BAPTIST CHURCH OF EVANSTON, | ) ) | No. 11-48031 |
| | ) | |
| Debtor in Possession. | ) | Judge Eugene R. Wedoff |

**FIRST AND FINAL FEE APPLICATION OF COUNSEL
FOR THE DEBTOR IN POSSESSION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Thomas W. Drexler ("TWD" or "Applicant") respectfully applies to this Court pursuant to the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 5082-1 for the allowance of $14,315.00 in compensation for 40.90 hours of professional services rendered by Applicant as general bankruptcy counsel for the Debtor and Debtor in Possession for the time period from November 17, 2011 through October 16, 2012 (the "Application Period"). The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In support of this Application, Applicant states as follows:

**BACKGROUND**

The Debtor is a religious institution and "not for profit" corporation which was originally named Friendship Baptist Church (FBC) and which was formed under the Laws of the State of Illinois on October 7, 1983. By amendment to the Articles of Incorporation, the name was changed on June 1, 1989 to Friendship Baptist Church of Evanston. The church is affiliated with the Midwest Baptist Conference and the Baptist General Conference.

The church has operated continuously since its inception at 2201 Foster, Evanston, Illinois. In addition to conducting Sunday services, the church engages in various charitable activities, conducts Sunday school, and conducts fundraisers.

Reverend Zollie Webb has been the pastor of the church since 1973. In 2000, the church membership decided to expand and renovate. The church initially turned to Reliance Trust (Reliance) for funding of the construction. The money advanced by Reliance was obtained by them

through the sale of bonds, and the bonds (trust indenture) were secured by a first mortgage placed against the church building and real estate. The principal amount of the funds lent was $240,000.00.

When the funds obtained from Reliance proved insufficient to complete the structure, the church borrowed additional funds from Sherwin Real Estate (Sherwin). The principal amount borrowed from Sherman was $355,000.00.

At the time FBC initially decided to conduct the renovation of the church building, it had approximately 175 members and adequate income to meet the proposed borrowing costs. Over the next few years, the cost of completion of the church increased substantially, and the number of church members declined. FBC had difficulty in meeting the mortgage payments of both lenders, and began to fall substantially behind in its payments to Reliance. Reliance filed a foreclosure proceeding in the Circuit Court of Cook County, Illinois in 2007, but did not aggressively pursue the matter. The default in payments to Reliance increased substantially over time, and on August 29, 2011 Reliance filed a motion for summary judgment in that proceeding. The attorneys for both parties had several discussions about potential settlement of the matter. However, since Reliance was acting as manager for the various bond investors but had little discretion to modify the loan terms, it was suggested that the only viable method for reaching new terms for the loan was the Chapter 11 process. Consequently, FBC filed its voluntary Chapter 11 on November 29, 2011, prior to the date a response was due from FBC on the motion for summary judgment.

Since the filing of the Chapter 11 case, the Debtor has continued to operate as a church and congregation. FBC has made some postpetition payments on both mortgages, and has remained current in its remaining post-petition obligations. As reflected in its monthly reports, FBC has met its expenses and accumulated a modest reserve.

## DETAIL OF SERVICES PROVIDED

Applicant was retained by the Debtor to file a Chapter 11 on its behalf on November 17, 2011 and was given an advance payment retainer of $5,000.00 by Debtor for that purpose. From that date through preparation of this fee application the Applicant has rendered

The services provided by the Applicant have been divided into three separate categories, Case Preparation and General Administration, Dealings and Negotiation with Creditors, and Plan and Disclosure Statement Preparation and Process. A narrative for each of these categories follows giving a general description of the services provided by Applicant under each category. Attached as Exhibits A, B, and C to this Application are detailed time records of the services performed in each category respectively.

### Category A, Case Preparation and General Administration

Described in this category are the services that Applicant provided which are necessary in the administration of a Chapter 11 matter. Prepetition, this involved consulting with the Debtor regarding its financial difficulties, discussing the benefits and burdens of proceeding with Chapter 11, obtaining the required information and documentation to draft the schedules needed for filing, and discussing with Debtor the duties and obligations the Debtor would have under the Chapter 11 after filing.

After the matter was filed, Applicant prepared Debtor's principals for, and attended, the preliminary meeting with the US Trustee's office, and subsequently the 341 meeting. Applicant discussed DIP requirements with the Debtor's principals, as well as insurance requirements, and followed up to make sure these matters were properly performed. Continuing discussions took place with the Debtor's principals as to financial matters during the course of the case, especially in regards to payment of various obligations and budgeting issues.

Administrative issues also included preparation and presentation of applications to hire professionals, including the motion for the Applicant to be the Debtor's bankruptcy counsel and the motion to allow the Debtor to retain an accountant to perform services postpetition. Applicant consulted with the Debtor's accountant as to the reporting requirements of the Debtor under Chapter 11 and other miscellaneous matters. Applicant further reviewed the monthly reports as prepared by Debtor with the assistance of the accountant, requested revisions as necessary, and filed the reports

with the bankruptcy court. Applicant worked with the Debtor and the accountant to assemble historical financial information to aid in the projections of Debtor's finances going forward.

Applicant expended a total of 13.0 hours of legal services under this category, and is requesting allowance of compensation for same in the amount of $4,550.00.

**Category B, Dealings and Negotiations with Creditors**

The initial focus of Applicant in this Chapter 11 proceeding was to reach a workout as expeditiously as possible with the Debtor's creditors secured in its real estate in order to achieve Debtor's goal of long term financial viability and continuance of church operations. Although Applicant made considerable progress in negotiations with the mortgagees (Reliance and Sherwin) in the first couple of months that the case was filed, the fact that Reliance had to turn to its bondholders for decision making severely hobbled the process. It became clear to Applicant that an alternative to a negotiated mortgage modification and dismissal had to be found.

Applicant then began discussions with Sherwin with the proposal that Sherwin (the second mortgagee) buy out the position of the first mortgagee. After rejection of Sherwin's initial proposal, counsel for Reliance indicated that there was a reasonable prospect that Reliance would accept an offer of $150,000.00 to buy out their position. To avoid the cost and expense of going through the process of approval of a plan and disclosure statement and confirmation, Applicant requested that the offer be submitted by Reliance directly to the bondholders for approval. After some delay, due in part to difficulties in reaching the bondholders, it was indicated that the figure was acceptable.

Applicant then contacted Sherwin to determine how soon they could fund the buyout and to begin negotiation of the terms that would be effective when Sherwin controlled both the first and second mortgage. After about two months passed and after several discussions with both lenders, it became clear that the offer of Sherwin was contingent on it obtaining a loan supported by the church property, and that such a loan did not appear to be forthcoming.

Applicant then began discussions with the lenders to determine if Reliance would accept

some lesser sum from Sherwin followed by a payment plan. After much discussion back and forth, Reliance indicated that it would accept a $25,000.00 down payment with an additional $150,000.00 to be paid over five years of equal payments at 6% interest. As part of this resolution, Reliance would require the preparation and confirmation of a Plan of Reorganization (in large part due to the difficulty and unlikelihood of bondholder approval), and further require that Sherwin defer the right to receive any payment from the Debtor until Reliance had been paid in full. Applicant conveyed these demands to Sherwin, eventually obtained their acceptance, and negotiated further substantial concessions as to the second mortgage held by Sherwin, including a substantial principal reduction.

Applicant expended a total of 12.1 hours of legal services under this category, and is requesting allowance of compensation for same in the amount of $4,235.00.

### Category C, Plan and Disclosure Statement Preparation and Process

Although Applicant managed to successfully negotiate mortgage concessions from both lenders, the circumstances as set forth above mandated that Applicant prepare a Plan and Disclosure Statement and take the Plan of Reorganization through the confirmation process. On March 22, 2012, Applicant filed his first motion to extend the time to file a plan and disclosure statement on behalf of the Debtor. As the parties continued discussions and negotiations regarding the necessity of a plan and proposed terms, Applicant filed and presented on behalf of Debtor an additional 3 motions to extend the time to file a plan.

On June 26, 2012, the Court denied the Debtor's motion to extend the exclusive time for Debtor to file a plan of reorganization. On August 7, 2012 the last order extending the time to file a plan and disclosure statement was entered, and set a deadline of August 31, 2012. Applicant worked steadily to prepare a plan and disclosure statement to meet this deadline. Although the basic framework of an acceptable plan had by this time been negotiated on behalf of Debtor with the mortgage lenders, Reliance proceeded to file its filed its own proposed plan on August 31, 2012. Debtor also completed and filed its own plan as well as a disclosure statement on the same date.

Applicant consulted with Reliance's attorney to work out the differences between the two plans, and Reliance eventually agreed to support a revised version of the Debtor's plan which was filed on October 2, 2012. Sherwin was kept informed as to the progress of the plan and disclosure statement, was provided drafts of same as they were being prepared, and was consulted as the plan terms were formulated. Pursuant to discussions had in court on October 3, 2012 on plan status, an Order was prepared by Applicant and entered on October 10, 2012 establishing a procedure for balloting on the plan and a combined hearing on the plan and disclosure statement.

Applicant expended a total of 17.7 hours of legal services under this category, and is requesting allowance of compensation for same in the amount of $6,195.00.

### Summary of Services Rendered

Applicant has expended a total of 42.8 hours of legal services billed at $350.00 per hour for a total of $14,980.00 which is requested to be allowed in fees. Crediting the retainer of $5,000.00, Applicant seeks a balance of $9,880.00 to be paid by the Debtor at this time.

Applicant Thomas W. Drexler, who performed all the legal services on behalf of the debtor in this proceeding, has been practicing law in the bankruptcy field for over 30 years. He has significant bankruptcy experience, including representing Debtors in Chapter 11 and other bankruptcy proceedings, representing creditors, and acting as attorney for the trustee in asset Chapter 7 cases. The hourly rate charged by Applicant is consistent with rates he has charged for like matters and compares favorably with the hourly rates charged by bankruptcy attorneys of similar experience and expertise. The amount of time spent by Applicant with Debtor's case, and the fees charged, are reasonable given the difficulty of the issues presented, the challenges facing the Debtor, and the benefit the Debtor has received due to the services provided.

### LOCAL RULE 5082-1(B)(2) STATEMENT

Pursuant to Local Rule 5082-1(B)(2), Applicant seeks that his total fees be both allowed by the Court and also approved for immediate or eventual payment without need for additional permission or approval from the Court. Subject to the approval of the Court, Applicant seeks to

credit the $5,000.00 retainer to the total fees sought of $14,980.00. The balance of said fees in the amount of $9,980.00 are sought to be paid by the Debtor in Possession.

## COMPLIANCE WITH 11 U.S.C. § 504

There is no agreement between the Applicant and any other firm, person or entity for the sharing or division of any compensation sought herein.

## NOTICE

Notice of this Application has been given to the Debtor, the Office of the United States Trustee, and all other parties entitled to notice thereof.

WHEREFORE, Applicant Thomas W. Drexler respectfully requests the entry of an order:

A)    Allowing his fees in the amount set forth herein;

B)    Authorizing and directing the Debtor to pay said fees; and

C)    For such other and further relief as the Court shall deem appropriate.

        Respectfully submitted,
        Thomas W. Drexler

By:  /s/  Thomas W. Drexler
     Attorney for Debtor in Possession

**THOMAS W. DREXLER**
**Attorney for Debtor in Possession**
**77 W. Washington Street**
**Suite 1910**
**Chicago, IL  60602**
**(312) 726-7335**

7